**MORSE AUTO RENTALS, INC., a Florida Corporation, Plaintiff,**

v.

**HARBOR INSURANCE CO., a foreign corporation, et al., Defendants.**

**Civ. No. 70–962.**

United States District Court,
S. D. Florida.

July 30, 1971.

Preddy, Haddad, Kutner & Hardie, Miami, Fla., for plaintiff.

George Lanza, Adams, George & Wood, Miami, Fla., for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

KING, District Judge.

This matter is before the court on the agreement of the parties that the Court shall determine the remaining issues between the parties. All issues have been resolved but for the question of whether Harbor Insurance Co. is responsible for certain costs of defense, including attorneys' fees, incurred in defending certain State Court actions and the amount, if any, of attorneys' fees that should be awarded to the Plaintiff herein for prosecution of this suit as against the Defendant Employers Surplus Lines. The Court is advised that Harbor Insurance Co. has agreed to pay a reasonable attorneys' fee to Plaintiff's attorneys for prosecuting this action. The Court having considered the pleadings filed

herein, the pre-trial stipulations of the parties, the depositions of witnesses, the Memoranda of the parties, and being otherwise fully advised in the premises, hereby enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On or about January 25th, 1968, one Robert L. Jacobs was operating an automobile owned by the Plaintiff but in the course of his employment with the Coca Cola Co. when he negligently caused severe injury to two individuals named Stahl and Gomez.

2. Harbor Insurance Co., as an insurer of Morse Auto Rentals, Inc., and Employers Surplus Lines, as an insuror of the Coca Cola Co., both had policies of insurance which provided coverage as to the claims of Stahl and Gomez. The combined limits of coverage were sufficient to satisfy any claim of Stahl and Gomez. (No decision is made as to whether such policies apply on a primary-excess or prorated basis, which is the subject of another pending suit).

3. Thereafter, suits were brought by Stahl and Gomez in the State Court, which suits named as defendants Morse Auto Rentals, Robert L. Jacobs and the Coca Cola Co. Morse Auto Rentals did appoint the firm of Preddy, Haddad, Kutner and Hardy to represent all defendants in the State Court actions, which representation was initially approved by all insurors concerned.

4. Morse Auto Rentals at the time in question was the named insured on two policies of insurance. The first of these was a policy with the Old Republic Insurance Co. (hereafter Old Republic) providing coverage of $100,000.00 and the second was with Harbor Insurance Co. (hereafter Harbor) providing coverage of $400,000.00 in excess of Old Republic's $100,000.00 coverage, for a combined total of $500,000.00 in coverage. Old Republic had the primary obligation to defend lawsuits filed against Morse Auto Rentals, but under certain conditions contained in its policy Harbor had a duty to contribute to the cost of defense.

5. During the pendency of the Stahl and Gomez suits in the State Court, disagreement arose between Old Republic and Harbor as to the application of coverage and as to the procedures that should be taken with regard to the defense of the pending State Court suits.

6. On November 11, 1968, the duly authorized representatives of Old Republic and Harbor held a meeting in Miami, Florida, which was also attended by the attorney for Plaintiff herein, which meeting was for the express purpose of attempting to resolve the differences between Old Republic and Harbor. The representatives of Old Republic and Harbor were not able to agree whereupon the Old Republic representative did tender its coverage ($100,000.00) to Harbor on the condition that it (Old Republic) would be relieved of any future responsibility or cost of defending the pending State Court actions. Harbor, by its representative, did accept the tender.

7. In accordance with the agreement of November 11, 1968, Old Republic paid to Harbor the sum of $100,000.00 and thereafter Old Republic took no part in the management of the defense of the State Court actions, nor was it advised of any developments.

8. Harbor, in accordance with the November 11, 1968 agreement, did accept the sum of $100,000.00 from Old Republic and thereupon took over active management and supervision of the defense of the pending State Court actions.

9. Thereafter, the suit by Gomez was settled during trial for the sum of $240,000.00. The Stahl case resulted in a jury verdict returned in the sum of $2,250,000.00.

10. The Gomez settlement was paid by the contributing insurance carriers, but there was disagreement between Harbor and Employers Surplus Lines (hereinafter Employers) as to participation in payment of the Stahl judgment.

11. Initially Harbor refused to pay any sum toward satisfaction of the Stahl judgment. Employers paid part of the judgment, but left $432,800.67 unpaid. Plaintiff herein, threatened with execution, demanded that both Harbor and Employers fully satisfy the Stahl judgment. Both refused.

12. After commencement of this action, on June 1st, 1970, Harbor paid its remaining policy limits of $343,437.25 on or about July 7th, 1970, leaving $89,363.42 of said judgment unpaid. Employers refused to pay the balance.

13. This Court did enter a Summary Judgment as to liability against Employers on February 23rd, 1971, and as a direct result thereof Employers did pay the remaining $89,363.42, which sum was in full and final satisfaction of the Stahl judgment.

14. That the bringing and prosecution of this suit has resulted in a benefit to the Plaintiff in the sum of $432,800.-67, and both Harbor and Employers are responsible for reasonable attorneys' fees incurred by the Plaintiff in prosecuting this action and its reasonable costs incurred herein.

15. That a reasonable attorneys' fee for Plaintiff's attorney in bringing and prosecuting this action as against the Defendant Employers is in the sum of $15,000.00.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter of this lawsuit by virtue of the provisions of Title 28 U.S. C. Sec. 2201. There is diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy, exclusive of interest and cost, exceeds $10,000.00.

2. The November 11, 1968 agreement, whereby Harbor agreed to assume the responsibility and cost of defending the State Court actions is valid and binding upon Harbor.

3. Harbor is liable for all expense and attorneys' fees incurred in defending the State Court actions subsequent to November 11, 1968.

4. Employers is liable to Plaintiff for its reasonable attorneys' fees incurred herein in the sum of $15,000.00.

5. Both Harbor and Employers are liable for Plaintiff's reasonable costs incurred herein.

6. Any claim made herein as against the Defendant the Coca Cola Co., has become moot, and said Defendant should be dismissed.

Based upon the foregoing Findings of Fact and Conclusions of Law, it is Ordered and Adjudged:

1. That Final Judgment in accordance with the foregoing Findings and Conclusions shall be entered in this case.

2. Counsel for Plaintiff shall submit an Affidavit within five days, itemizing attorneys' fees and expense incurred by Plaintiff in defending the State Court actions subsequent to November 11, 1968.

3. Counsel for Plaintiff shall submit a form of Judgment within seven days, in accordance with the above conclusions, holding

(a) Harbor liable to Plaintiff for the expense of the defense of the State Court actions as set forth above; and

(b) Holding Employers liable to Plaintiff for attorneys' fees incurred herein in the sum of $15,000.00; and

(c) Absolving the Coca Cola Co. from all liability.

Any party not in accord with the form of such Judgment shall have five days to submit its proposed modifications.